IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
December 10, 2013 Session

**IN THE MATTER OF: LAZARIA C.R.H.**

**Direct Appeal from the Juvenile Court for Shelby County**
**No. W0939      Dan H. Michael, Special Judge**

_____

**No. W2012-02308-COA-R3-JV - Filed January 9, 2014**

_____

This appeal arises from the transfer of a child custody case to Texas. The lower court issued an order naming Mother primary residential parent of the parties' child and granting Father certain visitation rights. According to Father, Mother did not allow Father visitation with the child despite the court's order. Father filed a petition seeking to hold Mother in contempt. At a preliminary hearing on the matter, the lower court dismissed Father's petition and ruled that all further proceedings in the matter be held in the court of appropriate jurisdiction in Texas, where Mother was supposedly living. Father appealed. After reviewing the record, we have determined that the lower court's findings do not support its decision; we therefore vacate the order of the lower court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court
Vacated and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Najee E.L. H., *Pro se*.

**OPINION**

LaZaria C. R. H. was born on March 6, 2009 to unwed parents NaJee H. ("Father") and Roshaunna R. ("Mother"). In January 2010, after establishing parentage of the child, Father petitioned the Juvenile Court of Memphis and Shelby County, Tennessee for full custody of the child. In November 2010, Father was awarded temporary weekly visitation with the child while the case was pending. According to the court's findings, Mother moved with the child to Texas in February 2011, where she has lived since. The same month, Father filed a petition, which claimed that Mother was not allowing him visitation with the child and sought to hold Mother in contempt for her failure to comply with the November 2010 order. After Mother failed to appear at consecutive court appearances in the spring of 2011, Father was awarded temporary custody of the

child, with Mother receiving visitation privileges. When the matter was finally heard on June 24, 2011, Father's contempt petition was dismissed. Also on that date, the court awarded joint custody to the parties, naming Mother the primary residential parent and granting visitation rights to Father.

At Father's request, the matter was reheard on December 8, 2011 before substitute judge, Dan H. Michael ("Judge Michael"). The court's order on that date continued the case until March 29, 2012, and provided a temporary custody arrangement regarding the child. The court's December 8, 2011 order also provided that Mother would get temporary custody of the child with Father receiving visitation with every third week of the month. It ordered the parties to meet in Texarkana, Arkansas to exchange the child at the appropriate times.

On March 29, 2012, the case was reheard and again continued by Judge Michael. The court ordered that pending resolution of the matter, the parties continue to split time with the child pursuant to terms essentially identical to those in the December 8, 2011 order. According to Father's brief, when he subsequently attempted to pick up the child in Texarkana pursuant to the court's order, Mother did not show up. Shortly thereafter, Father filed another petition with the court, again seeking to hold Mother in contempt for her failure to comply with the court's March 29, 2012 order regarding visitation.

A hearing on Father's petition was held on August 2, 2012 before Judge Michael. Because Mother was pregnant in Texas and unable to attend the hearing, the court attempted to continue the case until October 29, 2012. Upon learning that the proceedings were to be continued again, Father requested that the court grant him temporary custody of the child. The court declined to do so. After a brief exchange, Judge Michael warned Father that if he continued to argue, his petition would be dismissed and the case would be transferred to Texas. Father did not heed the court's warning. Father continued to argue, and Judge Michael dismissed Father's petition and ordered that the case be transferred to the appropriate jurisdiction in Texas.

On October 5, 2012, the court released its written findings of fact and conclusions of law pursuant to the August 2, 2012 hearing, stating:

1. [Father] is disruptive in court proceedings by constantly interrupting and or talking over other parties and the Judge.

2. Despite being told he would get a full hearing on a date in the near future [father] insisted on arguing with the mother's attorney and ignoring the assertion that the mother had a valid medical reason for not traveling for [sic] her home in Texas where her and the child have lived since February 2011.

3. [Father] has clearly exhibited an inability to control his anger both in the courtroom and as proven by his harassing/haranguing phone calls to this Court's clerk.

4.  [Father's] outbursts in the Courtroom clearly demonstrate that he has a serious problem controlling his emotions.

5.  The evidence shows that [father] has failed to comply with this Court's last order. [Father] stated on the record in the hearing of March 29th 2012, that he would not follow the Court's temporary order. He has been faithful to that statement. His willful act of non-compliance put an undo burden on the mother who attempted to comply with the Court's temporary order.

6.  Finally, [father] stated on the record in the hearing of March 29th 2012, that if he ever got his daughter again he would never let her go back to her mother.

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED**

1.  This Court's Order of December 8th 2011 is made permanent.

2.  This Court's Order of December 8th 2011 is modified to include the provision that any and all contact with his daughter shall be supervised by his mother.

3.  That [father] shall submit to a full mental health evaluation and show evidence that he is receiving proper treatment for his behavior.

4.  That [father] shall be enjoined from filing any further pleadings in this matter absent proof that he is receiving treatment for his behavior.

5.  The Petition for Contempt is dismissed.

6.  That Earl Harmon, mother's court appointed attorney, is relieved and awarded a reasonable fee.

7.  That all future matters be conducted in the appropriate court with proper jurisdiction in the mother and child's home state of Texas as their residence has existed there since early 2011. The child's pediatrician, daycare, her home environment and other proof is more readily available in that state than here. This Court finds it is now the most convenient forum in which to determine this child's best interest.

8.  That the costs be taxed against the County.

Father appealed the order of the court and raises two issues for our review.[1] First, Father contends that the lower court erred in transferring jurisdiction of the case to Texas. Father also requests that this court award him primary custody of the child. Mother did not file any brief in response, nor did she participate in oral arguments.

On appeal, we review the lower court's findings of fact *de novo* upon the record, according a presumption of correctness to them. Tenn. R. App. P. 13(d). We will not overturn the lower court's findings unless the preponderance of the evidence is otherwise. *Id.* We review the lower court's resolution of legal questions *de novo*, without any presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). The lower court's decision to transfer jurisdiction of the matter is a discretionary one, therefore we will only overturn its decision if the court abused its discretion when making it. *In re Bridgestone/Firestone*, 138 S.W.3d 202, 205 (Tenn. Ct. App. 2003).

In transferring the case to Texas, the court stated that, "[Texas] is now the most convenient forum in which to determine this child's best interest." A Tennessee court may, on its own motion, decline to exercise its jurisdiction in a child custody case if it determines that a court of another state is a more appropriate forum. Tenn. Code Ann. § 36-6-222(a) (2010). However, prior to doing so, certain requirements must be met. Tennessee Code Annotated section 36-6-222(b) provides:

> (b) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:
>     (1) The length of time the child has resided outside this state;
>     (2) The distance between the court in this state and the court in the state that would assume jurisdiction;
>     (3) The relative financial circumstances of the parties;
>     (4) Any agreement of the parties as to which state should assume jurisdiction;
>     (5) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
>     (6) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;
>     (7) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child; and
>     (8) The familiarity of the court of each state with the facts and issues in the pending litigation.

---

[1]Though it is not listed under the "Issues Presented" heading in Father's brief, we note that Father also argues that Mother failed to comply with the Tennessee Code Annotated section 36-6-108 requirements for parental relocation. Because this issue is raised for the first time on appeal, we decline to address it. Tenn. R. App. P. 36(a); *King v. Sevier County Election Com'n*, 282 S.W.3d 37, 41 (Tenn. Ct. App. 2008).

Tenn. Code Ann. § 36-6-322(b).

The record on appeal contains a transcript of the August 2, 2012 hearing. A review of the transcript shows that the judge decided to transfer the case after becoming increasingly frustrated with Father's persistent requests and argumentative tone. It does not appear that the parties were ever given the opportunity to submit evidence on the factors listed above. The court noted that Mother had lived in Texas with the child since 2011 and that "[t]he child's pediatrician, daycare, her home environment and other proof is more readily available in that state." However, we are unable to find any evidence in the record to support those findings.

In addition to requiring further proceedings be transferred to Texas in its October 5, 2012 order, the court also made its December 8, 2011 temporary custody order permanent, ordered supervised visitation for Father, ordered Father to submit to a full mental health evaluation and enjoined him from filing further pleadings absent proof of treatment, and dismissed Father's contempt petition. A review of the August 2, 2012 hearing's transcript reveals that the court undertook these actions without first hearing any evidence from the parties. Such action by the court constitutes an abuse of its discretion. Based on the foregoing, we vacate the lower court's order and remand the case for further proceedings before a different trial judge.

Father also asks that this court award him primary custody of the child. We decline to reach the issue of child custody since it was not addressed by the lower court. The court can consider the issue on remand.

### Holding

In light of the foregoing, the order of the lower court is vacated. This matter is remanded to the lower court for further proceedings consistent with this opinion. Costs on appeal are taxed to Mother, Roshaunna R., for which execution may issue.

_____
DAVID R. FARMER, JUDGE